UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MICHAEL EDWARD KING (#91377)**

**VERSUS**

**JAMES M. LEBLANC, ET AL.**

CIVIL ACTION

NO. 15-586-JJB-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 4, 2015.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL EDWARD KING (#91377)

VERSUS

JAMES M. LEBLANC, ET AL.

CIVIL ACTION

NO. 15-586-JJB-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Secretary James Leblanc and Warden Burl Cain, complaining that his constitutional rights are being violated because he is being confined without a valid indictment and/or commitment order.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to

pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

The plaintiff alleges that Secretary Leblanc, Warden Cain, and their agents transferred him from Caddo Parish to LSP without a valid and authentic indictment or commitment order signed by a judge or magistrate judge authorizing his confinement at LSP from 1980 to the present. The plaintiff argues that the documents ordering his transfer and confinement at LSP were invalid because they were false, fraudulent, unauthenticated and inadmissible. In support of this argument, the plaintiff cites various authorities pertaining to authentication and the admissibility of evidence, and issuance of process.[1] The plaintiff also cites *Ex parte Morgan,* 20 F. 298 (W.D. Ark. 1883), which pertains to the sufficiency of affidavits or indictments submitted in support of demands for interstate extradition.

The plaintiff's Complaint fails to state a federal constitutional claim cognizable under 42 U.S.C. § 1983, which statute provides for a private right of action against any person who, acting under color of state law, deprives an individual of rights, privileges, or immunities secured by the Constitution or laws of the United States. First, to the extent the plaintiff is attacking the validity of his confinement,[2] either by attacking his original indictment, his conviction, or his sentence of confinement, this claim seeks relief obtainable only through an application for a writ of habeas

---

[1] The plaintiff references 28 U.S.C. § 1739, dealing with state and territorial nonjudicial records and full faith and credit; *State v. Brown*, 33 La. Ann. 1151 (La. 1881) (which found error in a trial court's admission of a copy of court minutes not bearing the seal of the Clerk from which the case was transferred); and 28 U.S.C. § 1691 and Louisiana Code of Civil Procedure article 252, both dealing with issuance of process.

[2] The plaintiff's assertions in this regard are unclear as they are entirely conclusory and are made without any factual support. Nevertheless, the plaintiff cites to the aforementioned cases regarding extradition and refers to his "Commitment Documents."

corpus. In *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), the United States Supreme Court held that a challenge by a prisoner to the fact or duration of his confinement must be pursued through a habeas corpus proceeding rather than through an ordinary civil rights action. Accordingly, the plaintiff's claim challenging his current confinement is subject to dismissal, without prejudice to the plaintiff's right to pursue a separate claim for habeas corpus relief.

To the extent the plaintiff is complaining of his transfer from Caddo Parish to LSP,[3] he has not alleged any facts which amount to a violation of his constitutional rights. See *Olim v. Wakinekona*, 461 U.S. 238, 244-45, 250-51 (1983) (prisoners do not have a constitutional right to be housed in any particular facility or in any particular state); *Meachum v. Fano*, 427 U.S. 215, 228 (1976) (prison officials have discretion to transfer inmates; such transfers do not invoke the protections of procedural due process). Furthermore, the plaintiff has no constitutional right protecting him against a change in custody classification. *See Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988).

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed, with prejudice, as legally frivolous, and for failure to state a claim upon which relief may be granted[4] pursuant to 28 U.S.C. §§ 1915(e) and 1915A, without prejudice to his right to pursue habeas corpus relief.

Signed in Baton Rouge, Louisiana, on December 4, 2015.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3] Contrary to the plaintiff's reference to interstate transfers and extraditions, it is clear that he has merely been transferred from one parish within the state to another.

[4] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."